FILED
January 14, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002349445

**4**

LISA A. HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Fax: (661) 326-0418
E-mail: lholder@kleinlaw.com

Attorneys for Jeffrey Vetter, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CATHERINE ANN CRAWFORD,<br><br>Debtor. | Case No. 09-12808-B-7<br><br>Chapter 7<br><br>DC No. KDG-3<br><br>Date: February 4, 2010<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>1300 18th Street, Suite A<br>Bakersfield, California<br>Judge: W. Richard Lee |

**MOTION FOR ORDER AUTHORIZING
TRUSTEE TO SELL REAL PROPERTY**

TO THE HONORABLE W. RICHARD LEE, UNITED STATES BANKRUPTCY JUDGE:

**I. INTRODUCTION**

The Trustee moves the Court for authority to sell real property in Kern County, owned by Catherine Crawford ("Debtor") and her non-debtor former-spouse, Bryan Crawford. The Trustee listed the property for sale for $339,000.00. The Trustee received an all cash offer of $329,000.00 and has accepted it pending Court approval. The sale is subject to overbid at the hearing. The sale is expected to yield approximately $97,912.00 for distribution by the Trustee.

**II. JURISDICTION AND AUTHORITY**

The Court has jurisdiction under 28 U.S.C. Section 1334 and 11 U.S.C. Section 363. This is a core matter under 28 U.S.C. Section 157(b)(2)(A) & (N).

A trustee, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). In determining whether to allow a sale, a Bankruptcy Court must determine that the sale is supported by a showing of "good business judgment." *In re Walter*, 83 B.R. 14, 20 (9th Cir. BAP 1988) ); *In re Lionel Corp.* 722 F.2d 1063, 1071 (2nd Cir. 1983). The decision of whether to authorize a sale pursuant to 363(b) lies within the sound discretion of the Bankruptcy Court. *In re Lionel Corp., supra* at page 1066.

## III. FACTUAL BACKGROUND

Jeffrey Vetter is the Trustee in the Chapter 7 case. Debtor filed for relief under Chapter 7 of the Bankruptcy Code on March 31, 2009.

**The Property.** Debtor's estate includes real property described by Debtor in her *Schedule A- Real Property* as "House at 36 Canyon Kern Road, Wofford Heights, CA." However, the correct address for the property is 36 Canyon Rim Avenue, Wofford Heights, CA, 93285. The property is Kern County Assessors Parcel Number 062-320-17 (the "Real Property"). The Real Property is community property of Debtor and Bryan Crawford.

**Proposed sales price and terms.** The sale will yield approximately $97,912.00 for distribution by the estate based on the Trustee's agreement with David M. Bonadonna ("Buyer") to purchase the Real Property for $329,000.00. The Trustee believes $329,000.00 represents the fair market value of the property and the best price obtainable under the conditions of Debtor' Chapter 7 case. However, the sale of the Real Property is subject to higher and better bids at the time of the hearing.

The Trustee and Buyer executed and entered into a *California Residential Purchase Agreement and Joint Escrow Instructions*, and *Counter Offer 1, 2,* and *3* ("the Contract"). An executed copy of the Contract is filed with the *Exhibits in Support of Motion for Order Authorizing Trustee to Sell Real Property*, concurrently herewith.

Buyer paid a $2,500.00 deposit, which is being held in an escrow account. The Trustee is informed that Buyer intends to pay the balance of the purchase price into escrow immediately upon Court approval of the sale. The Trustee contemplates that the sale will close within 30 days after the hearing.

**Liens, encumbrances, and exemptions.** According to Debtor' Schedules of Assets and Liabilities, and the Trustee's conversations with Bryan Crawford, the Real Property is encumbered by a first deed of trust of approximately $125,000.00, and a second deed of trust of approximately $75,000.00,[1] both in favor of Wells Fargo Bank. Taxes are overdue in the amount of $1,827.00. Debtor did not claim an exemption regarding the Real Property. Neither Debtor nor Bryan Crawford reside at the Real Property.

**Broker commission.** The Trustee obtained authority for Southern Sierra Properties to market the Real Property by *Order Authorizing the Employment of Real Estate Broker* filed November 17, 2009. Under the Order, subject to further Court approval, Southern Sierra Properties would receive a commission of up to 6% of the purchase price upon consummation of a sale of the Real Property. Here, Southern Sierra Properties is both buyer's and seller's agent, and would receive the entire 6% commission. The Trustee request authority to pay Southern Sierra Properties $19,740.00 in commissions. Southern Sierra Properties has marketed the Real Property since November 2009.

**Benefit to the estate.** The Trustee believes that the sale of the Real Property to Buyer is in the best interest of the estate because it will yield funds to be distributed to creditors. The Trustee's belief is based on the following calculation:

| | |
|---|---|
| Offer: | $ 329,000.00 |
| Approximate Amount of Secured Claims: | $ 200,000.00 |
| Debtor's Exemption | $ 0.00 |
| Approximate Cost of Sale (includes taxes) | $ 31,088.00 |
| **Approximate Amount to be Paid to Estate:** | **$ 97,912.00** |

In his business judgment, the Trustee believes that sale of the Real Property under the terms described in this Motion is in the best interest of the estate. The sale allows him to liquidate a significant asset of the estate, and to move forward with the administration of the estate.

///

---

[1] Under a void state-court judgment, Bryan Crawford was to pay the loan secured by the second deed of trust. This Motion does not address that potential issue, which is reserved.

## IV. CONCLUSION AND PRAYER FOR RELIEF

The Trustee accepted a offer to purchase the Real Property based on the facts of Debtor' case. The sale, if approved, will result in approximately $97,912.00 being made available to pay claims, but the sale is subject to higher and better bids at the time of the hearing. The Trustee represents that the sale is an appropriate exercise of his business judgment and requests court approval.

WHEREFORE, Trustee prays that:

1. the Motion be granted;

2. he be authorized to sell the Real Property to Buyer or nominee for $329,000.00, subject to higher and better bids at the hearing;

3. he be authorized to pay from escrow (a) liens and encumbrances of record, (b) closing costs, and (c) broker commissions based on the final sales price;

4. he be authorized to execute all documents necessary to effectuate the sale of the Real Property to Buyer, or to the highest bidder at the hearing;

5. the 10 day stay of order imposed by rule 6004(h) Federal Rules of Bankruptcy Procedure, be waived and not applicable to the order; and

6. for such other relief as the court determines is just and proper.

Dated: January 14, 2010

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By /s/ Lisa Holder
LISA HOLDER, Attorneys for
Jeffrey Vetter, Chapter 7 Trustee